(37 Misc. Rep. 672.)

### UNION TRUST CO. OF NEW YORK v. METCALFE et al.

(Supreme Court, Special Term, New York County. April, 1902.)

**1. WILL—CONSTRUCTION—DETERMINATION OF TRUST.**

Testator gave his wife, through a trustee, one-third of the interest accruing from his residuary estate, and directed that on her death or remarriage that interest should be used to increase certain investments made for his children, and subsequently directed that his son should, at majority, be paid one-third of testator's entire available estate. *Held*, that such latter direction did not determine the trust for the benefit of the wife, she being alive and unmarried at such time.

**2. SAME.**

A provision that on the death of the widow "one-third of the interest of which she shall have benefited" should be divided in a certain manner, covered the principal, and not merely the income, previously devised for life to the wife.

**3. SAME—POWER OF ALIENATION.**

Where a possibility existed at the death of testator that by a testamentary trust in personalty the power of alienation might be suspended beyond two lives in being, the trust was void.

Action by the Union Trust Company of New York, as trustee of the estate of Francis J. Metcalfe, against Helene Rochat Metcalfe and others, to construe a will. Judgment for plaintiff.

Peckham, Miller & King (Hoffman Miller, of counsel), for plaintiff.
Lester & Graves (Harmon S. Graves, of counsel), for defendants.

BLANCHARD, J. This action is brought to obtain a judicial construction of the will of Francis J. Metcalfe, of which plaintiff is the trustee duly appointed to administer the trusts therein set forth. The principal facts alleged in the complaint are admitted in the answer of the defendants, who likewise ask for a judicial construction of the will, but couple with their prayer for relief the request that plaintiff be charged with interest on certain moneys, and that plaintiff pay the costs of this action. It is defendants' contention in connection with this that plaintiff has been derelict in the discharge of the duties imposed upon it. The only evidence offered by defendants on the trial were the account and decree in the surrogate's court, upon the admissibility of which, in view of the plaintiff's objection, I reserved my decision, but which I now deem proper to admit.

I first take up for consideration the provisions of the will upon which the judgment of the court is sought. By the pleadings it is admitted: "That in and by the first clause or paragraph of said will said testator gave and bequeathed his residuary estate to the plaintiff, in trust for the benefit of testator's wife and children, and directed that one-third of the interest accruing from testator's real and personal property so bequeathed be paid quarterly to his wife, the defendant Helene Rochat Metcalfe, absolutely. That by a subsequent clause of the said will the testator directed, in case of the remarriage or the death of his wife, that the interest of her said one-third be used to increase the investments made for his children. That the testator, by his said will, then directs that his executor pay absolutely to his son, the defendant Louis Rochat Metcalfe, thirty-four one-hundredths of testator's entire available estate when the said son shall have arrived at the age of twenty-one years. That said will then provides: 'I further will that the remainder of whatever property, whether real or personal, be in the hands of my executor after the payment of the above share to my son, Louis Rochat Metcalfe, shall be held in trust for the benefit of my said daughters, Marie Florence Metcalfe, Susan Whitlock Metcalfe, and Helene Francis Metcalfe, and that the interest be paid quarterly to them, share and share alike, and that at the death of one or more the sums invested shall be paid absolutely to her or their issue, or, should one or more die without issue, that the interest accrue for the benefit of the remaining.'" The will then states, "I desire that in no emergency should my daughters be allowed to draw on the capital invested for their benefit by my executors." The will then makes disposition in the event of the death of the wife by providing that "the one-third of the interest of which she shall have benefited shall be divided in the proportions aforesaid, viz.," $^{34}/_{100}$ to the son, and $^{22}/_{100}$ to each daughter, naming them. The son has arrived at the age of 21, and the wife and all daughters are living.

First. The trust for the benefit of the wife is, in my opinion, valid, and was intended by the testator to be effective irrespective of the son attaining the age of 21 years. By the clause of the will above quoted, I think the testator clearly evinces such intention when he makes pro-

vision for the disposition of the property left in trust for his wife after her death or remarriage.

Second. By the use in the said last-quoted clause of the language "the one-third of the interest of which she shall have benefited," I am of the opinion that the testator intended to dispose of the principal, rather than the income, of the estate. It will be noted that the testator gives "the one-third," and then explains that it is in "the interest of which she shall be benefited." By reference to other parts of the will it will be found that the use of the word "interest" has been equivalent to "income," and the use of the word "one-third" equivalent to "principal." Thus, in a preceding portion of the will, when disposing of the income left in trust for his wife, it is said "the interest of her one-third." To give to it the interpretation of income would be construing the testator as directing a trust, in the first place, for the wife, and then for the joint lives of the four children, which clearly contravenes the statute, as being for more than two lives in trust, and would be an invalid trust. I think that construction should be adopted which will sustain the provisions of the will, rather than one which would invalidate it.

Third. By the provision in the will for his benefit upon reaching 21 years, the son was entitled to receive $^{34}/_{100}$ of two-thirds of the estate, and not $^{34}/_{100}$ of the entire estate. The language of this clause of the will is: "I further will that my executors pay absolutely to my son, Louis Rochat Metcalfe, thirty-four one-hundredths ($^{34}/_{100}$) of my entire available estate, when he shall have arrived at the age of 21 (twenty-one) years." It will be observed that the language is $^{34}/_{100}$ of the "entire available estate" and not $^{34}/_{100}$ of the entire estate. The word "available" must be presumed to have been used for a purpose. To give the clause the interpretation of $^{34}/_{100}$ of the entire estate would make the word "available" utterly meaningless. Under the first point I have held it to be the intention of the testator to provide for his wife during her life or widowhood, and, if that be so, and the trust for her benefit be held to be continuous during that time, then, the wife being alive and unmarried at the time of the son reaching 21 years, all that was "available" was the remaining two-thirds of the estate. A reading of the clauses of the will preceding the one under consideration strengthens the conclusions here arrived at.

Fourth. That provision of the will providing for a trust for the benefit of the testator's daughters, following the provision of the $^{34}/_{100}$ for the son, is void. This is the clause which I have previously quoted in the statement of the contents of the will as it stands admitted in the pleadings. This clause, in effect, provides that upon the death of one daughter without issue her share is to be divided between the two survivors, and that upon the death of one of the two survivors the whole income is to be paid to such survivor during her life. The corpus of the residuary estate would not be relieved of the trust until the termination of their lives. There can be no doubt of the soundness of the legal proposition that if, at the death of the testator, there existed a possibility of the power of alienation being suspended beyond the statutory limit of two lives, the trust is void, and

the property covered by this provision, if it be personalty,—as I understand it is,—distributed under the provisions of the statute of distribution of this state.

I believe that this disposes of all of the questions pertaining to the construction of the will.

On the subject of charging plaintiff with interest and the costs of this action the evidence fails to satisfy me that this burden ought to be imposed upon the plaintiff. The plaintiff should pay the interest and income on the various sums in its hands, which, by the proper exercise of due diligence and care, it has collected, but I see no reason to charge plaintiff with more interest than it has collected. If. the parties will agree on the amounts due the respective parties under the interpretation of the will here made, that may be provided for in the decree. If they cannot agree, an accounting may be had, if desired, in order to dispose of the entire matter, as counsel intimated such a desire. Plaintiff may have judgment in accordance with the views here expressed, with costs. The decision and judgment should be noticed for settlement.

Judgment for plaintiff.